


UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.S.P.T. INTERNATIONAL, INC., a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>LUCKY NAHUM, an individual; JAYSIX USA, INC., a Virginia corporation; and DOES 1 through 10,<br><br>        Defendants. | Case No. CV06-0308 ODW (AJWx)<br><br>[~~PROPOSED~~] JUDGMENT<br><br><br>HON. OTIS D. WRIGHT II |
| LUCKY NAHUM, an individual,<br><br>        Counterclaimant,<br><br>    v.<br><br>D.S.P.T. INTERNATIONAL, INC., a California corporation, and DOES A through Z,<br><br>        Counterdefendants. | |
| AND RELATED COUNTERCLAIM. | |

This case came on regularly for trial on September 25, 2007 in Courtroom 11 of the above-entitled court before the Honorable Otis D. Wright, II, judge presiding. John C. Gorman, of the law firm of Gorman & Miller, P.C. appeared as counsel for plaintiff/counterdefendant DSPT International, Inc. ("DSPT"). Andres F. Quintana and Daniel Taylor, of Quintana Law Group, A.P.C., appeared in this action as counsel for defendants/counterclaimants Lucky Nahum ("Nahum") and Jaysix USA, Inc. ("Jaysix").

Prior to trial, the court granted Jaysix's motion for summary judgment as to all claims brought by DSPT on August 17, 2007. On September 5, 2007, the court entered an order dismissing all of Jaysix's counterclaims against DSPT.

On September 6, 2007, the court entered an order denying Nahum's motion for summary judgment against DSPT in its entirety.

On September 25, 2007, a jury of eight persons was impaneled and sworn to try the action. From September 25, 2007 through September 28, 2007, witnesses were sworn and examined and arguments were presented by counsel for the respective parties.

At the close of plaintiff DSPT's presentation of evidence on September 28, 2007, the court granted Nahum's motion for judgment under Fed. R. Civ. P. 52 as to DSPT's first count for violation of the Lanham Act and fourth count for intentional interference with business relations. The court denied Nahum's motion for judgment as to the second count for violation of the Anti-Cybersquatting Consumer Protection Act ("ACPA").

Upon the conclusion of the trial, after duly hearing and considering the evidence, the arguments of counsel, and the instructions of the court, the jury deliberated and rendered the

following Special Verdict on October 1, 2007 as to the second count of plaintiff DSPT's complaint for violation of the Anti-Cybersquatting Act and first count of Nahum's counterclaim for breach of contract:

1. Did DSPT prove by a preponderance of the evidence that "EQ" is a valid, protectable trademark?

Yes _____X_____          No_____

2. Did DSPT prove by a preponderance of the evidence that "Equilibrio" is a valid, protectable trademark?

Yes _____X_____          No_____

3. Did DSPT prove by a preponderance of the evidence that DSPT owns "EQ" as a trademark?

Yes _____X_____          No_____

4. Did DSPT prove by a preponderance of the evidence that DS PT owns "Equilibrio" as a trademark?

Yes _____X_____          No_____

7. Did DSPT prove by a preponderance of the evidence that Lucky Nahum registered, trafficked in, or used the www.eq-italy.com domain name?

Yes _____X_____          No_____

8. Is the wvvw.eq-italy.com domain name identical or confusingly similar to either mark owned by DSPT?

EQ:                Yes _____X_____        No_____

Equilibrio         Yes _____X_____        No_____


9. Was the DSPT' mark distinctive at the time of Lucky Nahum's registration of the domain name?

Yes _____X_____                          No_____


10. Did Lucky Nahum commit the acts with a bad faith intent to profit from DSPT's mark?

Yes _____X_____                          No_____


If you answer "yes" to question 10, state the amount of money which you find will compensate Plaintiff for all damages suffered as a direct result of Defendant's conduct.

$ 152,000.00 plus court costs/fees

18. Did Lucky Nahum prove by a preponderance of the evidence that he and DSPT entered into a contract?

　　　Yes _____X_____                     No_____


If you answer No to question 18, sign and date this form.
If you answer Yes to question 18, proceed to Question 19.


19. Did Lucky Nahum prove by a preponderance of the evidence that he did all, or substantially all, of the significant things that the contract required him to do or that he was excused from doing these things?

Yes _____X_____            No_____

If you answer No to question 18, sign and date this form.
If you answer Yes to question 18, proceed to Question 20.

20. Have all conditions required from DSPT's performance occurred?

Yes _____X_____            No_____

If you answer No to question 18, sign and date this form.
If you answer Yes to question 18, proceed to Question 21.

21. Did Lucky Nahum prove by a preponderance of the evidence that DSPT failed to do something that the contract required it to do?

Yes _____            No_____x_____

On October 1, 2007, the court granted DSPT's request for issuance of a permanent injunction requiring that Nahum immediately transfer ownership of the wwww.eq-italy.com web domain to DSPT. At that same time the court found in favor of defendant Nahum as to the third count of DSPT's complaint for violation of Cal. Bus. & Prof. Code §§ 17200 et seq. and §§ 17500 et seq.

WHEREFORE, by reason of the aforesaid verdict and the rulings made by the court,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1.  DSPT shall have and recover damages from Nahum in the amount of $152,000.00.

2.  Nahum shall take nothing on his counterclaim against DSPT.

3.  Nahum shall immediately take any and all steps necessary to transfer ownership of the www.eq-italy.com domain and domain registration to DSPT. Nahum is further permanently enjoined and restrained from registering, owning, operating, trafficking in, or using, either directly or indirectly, any website domain address containing the marks "EQ" or "Equilibrio" or any website domain address that is confusingly similar thereto.

4.  DSPT shall take nothing on its complaint from Jaysix.

5.  Jaysix shall take nothing on its counterclaim against DSPT.

6.  DSPT is deemed to be the prevailing party in the litigation and shall be permitted to seek recovery costs and attorneys' fees against Nahum pursuant to applicable law. The clerk is directed to insert the amount of any fees and costs awarded to DSPT to the final judgment amount.

7.  All sums awarded by this judgment shall bear post-judgment interest from date of entry of this judgment as provided by law.

The final monetary judgment awarded in favor of DSPT against Nahum is $152,000, plus $ TBD in attorneys' fees and $_____ in costs, for a total judgment of $ TBD .

Date: 10/18, 2007

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

1  Submitted by:

2

3  GORMAN & MILLER, P.C.

4  By _____
   JOHN C. GORMAN
5  Attorneys for Plaintiff/Counterdefendant
   DSPT International, Inc.

## PROOF OF SERVICE

I, Alejandra Torres, declare as follows:

I am employed in the City of San Jose, County of Santa Clara, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 210 North Fourth Street, Suite 200, San Jose, California 95112.

On the date set forth below, I caused the following document(s):

[PROPOSED] JUDGMENT

by the following manner:

[X] **(BY MAIL)** By placing a true copy of said document(s), enclosed in sealed envelope[s] addressed as stated below, with first class postage thereon fully prepaid, for collection and mailing on the date set forth herein following ordinary business practices, in the United States Mail, San Jose, California.

[ ] **(BY HAND DELIVERY)** By causing a true copy thereof, enclosed in a sealed envelope, to be delivered by hand to the parties indicated below.

[ ] **(BY OVERNIGHT DELIVERY)** By placing a true copy thereof, enclosed in a sealed envelope, with delivery charges prepaid, to be delivered to local Federal Express Office for delivery to the parties indicated below.

[ ] **(BY FACSIMILE TRANSMISSION)** By transmitting a true copy thereof by facsimile transmission from facsimile No. (408) 297-2224 to the parties at the facsimile number(s) listed below.

Andres F. Quintana
Quintana Law Group, A.P.C.
21900 Burbank Blvd., 3rd Floor
Woodland Hills, CA 91367

Fax: (818) 992-3116

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

This declaration was executed on October 5, 2007, at San Jose, California.

Alejandra Torres