**SEND / ENTER**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.S.P.T. INTERNATIONAL, INC., a California corporation, | Case No. CV06-0308 ODW(AJWx) |
| Plaintiff, | |
| vs. | ORDER GRANTING DEFENDANT JAYSIX USA, INC.'S MOTION FOR ATTORNEYS' FEES AND COSTS |
| LUCKY NAHUM, an individual; JAYSIX USA INC., a Virginia corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | |
| AND RELATED CROSS-ACTIONS | |

**I.   INTRODUCTION**

On June 22, 2007, Defendant Jaysix USA, Inc. ("Jaysix") filed its motion for summary judgment. (*See* Docket No. 60.) On August 16, 2007, the Court entered an Order granting Defendant Jaysix's motion for summary judgment in its entirety. (*See* Docket No. 89.) On September 9, 2007, the Court entered a Stipulation and Order dismissing Defendant Jaysix's counterclaims against Plaintiff D.S.P.T. International, Inc. ("DSPT") (*See* Docket No. 113.)

Pending before the Court is Jaysix's Motion for Attorneys' Fees and Costs ("Motion"). Jaysix seeks to recover expenses in the amount of $71,633.11, which it incurred in defending against DSPT's Lanham Act claims.

For the reasons discussed below, this Court GRANTS Jaysix's motion for attorneys' fees and costs in the amount of $ 38,887.50.

**II.  DISCUSSION**

    A.    <u>Jaysix's Motion for Fees is Timely</u>

Local Rule 54-12 provides that, unless otherwise ordered by the Court, "[a]ny motion or application for attorneys' fees shall be served and filed within fourteen (14) days after entry of judgment or other final order."  L.R. 54-12. "Judgment" includes a "decree and any order from which an appeal lies."  Fed. R. Civ. P. 54(a).

DSPT argues that this Motion, filed on October 22, 2007, is "patently untimely" because "all claims between these litigants were resolved by the stipulated dismissal entered September 5, 2007." (DSPT Opp'n. at 5.)  DSPT contends that the deadline to bring this Motion was September 19, 2007.  The Court disagrees.

Where multiple parties are involved, Rule 54(b) provides that the Court may "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment*." Fed. R. Civ. P. 54(b) (emphasis added).  Absent such determination and direction, "any order or other form of decision, however designated, which adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties. . . ." *Id.*

Here, at the time Jaysix filed the instant motion, the Court had not made such an express determination, nor had it expressly directed the entry of judgment. A final judgment was entered in this matter on October 25, 2007. (*See* Docket No. 168.) Thus, Jaysix's motion is timely.

### B. Jaysix Satisfied Local Rule 7-3

Local Rule 7-3 requires that counsel first meet and confer with opposing counsel before filing any motion. L.R. 7-3. This conference must take place at least five days prior to the last day for filing the motion where the proposed motion is one which under the Rules must be filed within a specified period of time. *Id.* Rule 54(d) requires that a motion for attorney's fees be made and filed no later than fourteen days after entry of judgment. Fed. R. Civ. P. 54(d)(2)(B).

DSPT contends that Jaysix failed to comply with Local Rule 7-3 because no meet and confer occurred on August 28, 2007. (Opp'n. at 6.) Based on the Court's review of Jaysix's counsel's time notes, it appears that a meeting with opposing counsel occurred on August 24, 2007.[1] (*See* Ex. 6(b) in Mot.) Thus, Local Rule 7-3 meet and confer requirement is satisfied.

### C. Jaysix is the Prevailing Party

DSPT argues that no fees should be awarded to Jaysix since neither party is a "prevailing party" in this case. (Opp'n. at 8.) DSPT contends that Jaysix's voluntary dismissal of its counterclaims against DSPT without prejudice "is the legal equivalent of a judgment in DSPT's favor." (Opp'n. at 7.) The Court is not persuaded.

---

[1] In its Reply, Jaysix states that the August 28, 2007 date noted in its Motion was "merely a scribner's error" and that a telephonic meet and confer with opposing counsel occurred on August 22, 2007 and August 24, 2007. (Reply at 4.) Although no meeting is indicated for August 22, a telephonic conference with opposing counsel was noted on August 24, 2007.

DSPT relies on *Int'l Marble & Granite of Colorado, Inc. v. Congress Fin. Corp.*, 465 F. Supp. 2d 993 (CD Cal. 2006), to support its argument that a voluntary dismissal without prejudice confers "prevailing party" status on a defendant. However, the instant case is distinguishable from the facts presented in *International*. First, unlike the voluntary dismissal in *International*, the instant case involves a stipulated voluntary dismissal without prejudice. In addition, Jaysix voluntarily dismissed these counterclaims against DSPT only after its motion for summary judgment was granted. *See US Search, LLC v. US Search.Com, Inc.*, 300 F.3d 517, 522 n.4 (4th Cir. 2002) (finding that defendant remained a prevailing party under Rule 54(d)(1) when it voluntarily dismissed its counterclaim against plaintiff after its motion for summary judgment was granted). Thus, Jaysix is a "prevailing party" for purposes of awarding attorneys' fees and costs.

D. Jaysix's Entitlement to Fees

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a) (emphasis added). A case is exceptional within the meaning of 15 U.S.C. § 1117(a) where the plaintiff's claims are "groundless, unreasonable, vexatious, or pursued in bad faith." *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 881 (9th Cir. 1999) (quoting *Stephen W. Boney, Inc. v. Boney Servs., Inc.*, 127 F.3d 821, 827 (9th Cir. 1997)). Similarly, a defendant is liable for fees under the Lanham Act where the "infringement is willful, deliberate, knowing or malicious." *Earthquake Sound Corp. v. Bumper Industries*, 352 F.3d 1210, 1216 (9th Cir. 2003) (citation omitted).

Jaysix contends it is entitled to $71,633.11 pursuant to 15 U.S.C. § 1117(a) because DSPT's "groundless" and "unreasonable" claims render this an

"exceptional case." DSPT argues that although Jaysix prevailed on summary judgment, its claims were, at least, "colorable." (Opp'n. at 11.)

DSPT pled and prosecuted the following claims: (1) Trademark Infringement under the Lanham Act, 15 U.S.C. § 1125(a); (2) Cybersquatting under the Lanham Act, 15 U.S.C § 1125(d); (3) Intentional Interference with a Prospective Economic Advantage; and (4) Violation of Cal. Bus. & Prof. Code sections 17200 and 17500.

As the parties are thoroughly familiar with the facts, the Court proceeds to determine whether Plaintiff's trademark claims were groundless or unreasonable.

*1.   Trademark Infringement, 15 U.S.C. § 1125(a)*

DSPT failed to adduce *any* evidence that Jaysix directly infringed on its "EQ" mark. (*See* August 16, 2007 Order at 4.) As discussed in the order granting summary judgment, moreover, not only did DSPT arguably fail to properly plead secondary liability, but the theories advanced by Plaintiff were largely inapplicable and without support. (*Id.* at 5.)

For example, DSPT argued that Jaysix is vicariously liable for trademark infringement because Nahum held himself out as Jaysix's partner in a press release. DSPT's proffered authority and corresponding facts, however, did not support such an argument. *See* Cal. Corp. Code § 16308; Va. Corp. Code § 50-73.98 ("[P]urported partner [and partnership are] liable to a person to whom the representation is made, if that person, relying on the representation, enters into a transaction with the actual or purported partnership."). Assuming Nahum's conduct created an ostensible partnership, DSPT's argument is plainly inapplicable

(and unreasonable) because DSPT neither relied on Nahum's actions nor entered into a transaction in reliance thereon.[2]

DSPT's other "vicarious infringement" theories, like agency and ratification, were equally farfetched. Jaysix could not possibly be liable for "vicarious infringement" because Nahum's actions fell *clearly* outside the scope of his alleged agency. (August 16, 2007 Order at 5-6.) Similarly, DSPT's ratification argument fails because nothing in the record suggests that Nahum acted or purported to act on Jaysix's behalf when he registered, used and/or refused to return the domain name. (*Id.* at 6.)

Finally, DSPT failed to introduce any evidence that Jaysix "intentionally induced" Nahum to infringe DSPT's mark or that Jaysix otherwise contributed to Nahum's alleged infringement. *See Inwood Labs.*, *Inc. v. Ives Labs., Inc.*, 456 US 844, 855 (1982). Plaintiff's sole argument was that Jaysix reimbursed Nahum for

---

[2] The Ninth Circuit recently noted that vicarious liability might be predicated on apparent partnership. *See Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 807 (9th Cir. 2007) ("Vicarious liability for trademark infringement requires 'a finding that the defendant and the infringer have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product.'") (quoting *Hard Rock Café Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143, 1150 (7th Cir. 1992)). DSPT neither produced evidence that Nahum and Jaysix were actual partners nor that they exercised joint ownership and control over the infringing product. (continued . . .)

(. . . continued) Further, not only did the Ninth Circuit decline to apply the doctrine to the case before it, but, as the case cited in *Perfect 10* demonstrates, no court has ever imposed such liability. *See Symantec Corp. v. CD Micro, Inc.*, 286 F. Supp. 2d 1265, 1275 (D. Or. 2003) ("[Plaintiffs] appear to argue for Webb to be held vicariously liable for CD Micro's trademark infringement. They cite no cases, however, which directly hold that this type of secondary liability is available. *Hard Rock Café Licensing . . .* held that secondary liability for trademark infringement must be narrower than for copyright infringement and dismissed a claim for vicarious trademark infringement.").

Nevertheless, as discussed above, even if DSPT's claim were legally colorable, the facts clearly demonstrate the theory's inapplicability to the facts of this case, rendering DSPT's pursuit thereof unreasonable.

his internet access. As the Court noted, this fact, without more, flies in the face of the Supreme Court's "narrow standard" for contributory infringement. *Id.*

Accordingly, DSPT failed to raise colorable issues of fact or law with respect to its trademark infringement claim against Jaysix.

   *2.   Cybersquatting, 15 U.S.C § 1125(d)*

DSPT's second claim, cybersquatting under 15 U.S.C. 1125(d), proved even more specious. Notwithstanding the statute's directive that "only" the registrant and his or her authorized licensee may be held liable for "use" of a domain name, DSPT pursued this claim against Jaysix, who was neither the registrant of the domain name nor a licensee.

It bears noting here that while DSPT might have pled these claims against Jaysix out of an abundance of caution, its pursuit of the claims – including the blanket opposition to Jaysix's motion for summary judgment, was unreasonable. This brings us to the amount of the award.

   E.   Reasonableness of the Requested Fees

An award of reasonable fees is initially determined by calculating the "lodestar" figure: the number of hours reasonably expended multiplied by a reasonable hourly rate. *City of Burlington v. Dague*, 505 U.S. 557, 559 (1992); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). The fee applicant bears the burden of documenting the hours expended in litigation and must submit evidence in support of those hours. *Id.* "Those hours may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g denied, amended on other grounds*, 808 F.2d 1373 (1987).

The loadstar analysis is further informed by the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975). Those factors are "intended to provide district courts with guidance in making the determination of the number of hours reasonably expended on litigation and reasonable hourly rate." *Chalmers*, 796 F.2d at 1211. The Kerr factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skills requisite to perform the legal service; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstance; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Kerr*, 526 F.2d at 69-70.

The district court is given wide latitude in reducing the fee applicant's compensable hours based on the above criteria. However, the court must provide an explanation for the fee award. *Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001).

Jaysix requests $62,785 in attorneys' fees ($51,125 incurred during litigation and $11,660 associated with the preparation of this motion for fees) and $8,848.11 in costs. (Mot. at 25.) Jaysix has produced detailed and itemized time sheets demonstrating the hours spent defending against DSPT's complaint.

DSPT contends that Jaysix's requested fees are unreasonable on four grounds.[3] As the Ninth Circuit has stated, the Court is "required to explain the reasons for its fee award" but is not required to make findings as to each specific objection. *See Gates*, 987 F.2d at 1400. Thus, the Court has independently analyzed Jaysix's accounting records and finds that, for the most part, Jaysix's

---

[3] DSPT argues that Jaysix improperly attempts to recover fees for: (1) work and activities done on behalf of defendant Nahum; (2) work and activities done on behalf of both Jaysix and defendant Nahum; (3) work not related to DSPT's Lanham Act claims and (4) work and activities that occurred after Jaysix was dismissed from the case.

8

attorneys' fees are reasonable. However, as further explained below, a downward adjustment is necessary to account for excessive billing, work performed on state law claims, and the fact that the work billed also benefitted Nahum, a non-prevailing party.

First, the most glaring example of excessive billing lies in the total hours billed for this fee application. Jaysix's counsel requests $11,660 in attorneys' fees associated with the preparation of its instant motion. Counsel has provided the Court with "breakdown" summaries of (1) fees incurred in preparation of this motion and (2) expected fees relating to this motion in support of this motion. (*See* Quintana Decl., Taylor Decl., Gulesserian Decl. in Supp. of Mot., Ex. 6(d).) The Court's review of counsel's billing records indicate that only 15.9 hours were actually attributed to preparation of this motion at a cost of $3,100. (*See id.*, Ex. 6(b).) This amount falls short of the 39 hours and $7,830 figure stated in Exhibit 6(d) for fees incurred in preparation of this motion. It is quite clear that this motion could, and should have been written more expeditiously. In addition, Defendant's Reply does not contain exhibits or attachments of current billing records to support the projected 18.5 hours and $3,830 of "expected" fees stated in Exhibit 6(d). Thus, Jaysix is awarded $3,100 for preparing this motion.

Second, the Court turns to Jaysix's counsel's billing records for preparation of Defendant's summary judgment motion. Between March 13, 2007, and June 22, 2007, Jaysix's counsel billed over 128 hours for legal research, drafting, and other activities in preparation of the motion and hearing. In light of the non-complex issues that were before the Court on summary judgment, half the time spent in preparation of the Motion and hearing would have been more than sufficient. The Ninth Circuit has made clear that "when faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in

the number of hours claim or in the final lodestar figure." *Gates*, 987 F.2d at 1399.

Here, the Court finds that the interest of justice is best served by making an across-the-board percentage reduction to account for excessive billing, work performed on state law claims, and the fact that the attorneys' work also benefitted Nahum (a non-prevailing party). Accordingly, the Court deems it proper to reduce Defendant's proposed lodestar fee by 30%.

### F.     Lanham Act and State Law Claims

Attorneys' fees are recoverable only for work performed in connection with claims filed under the Lanham Act. *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1193 (6th Cir. 1997). "[A] party cannot recover legal fees incurred in litigating non-Lanham Act claims *unless* 'the Lanham Act claims and non-Lanham Act claims are so intertwined that it is *impossible to differentiate* between work done on claims.'" *Gracie v. Gracie*, 217 F.3d 1060, 1069 (9th Cir. 2000)(emphasis added). The court has a duty to "make *some* attempt to adjust the fee award to reflect" work performed on non-Lanham claims. *Id.*

Jaysix argues that its defense of DSPT's state interference and unfair business practices claims were "inextricably intertwined" with the Lanham Act claims. Jaysix cites to several cases to support this general proposition. However, Jaysix does not sufficiently establish *how* these claims are intertwined. In addition, Jaysix's time sheets do not show which activities related specifically to the Lanham Act claims or state law claims. Thus, the Court finds that a downward adjustment is appropriate, as reflected in the 30% figure above.[4]

---

[4] Jaysix also seeks $8,848.11 in costs; $5,000.73 for "photocopying, messenger service, computer research, etc." and $3,847.38 for expert witness fees. (Mot. At 24-5.) Jaysix did not file a bill of costs with the court clerk, however, and, accordingly, may not recover said costs. *See* Fed. R. Civ. P. 54(d)(1); Local Rule 54-3, 54-4.

## IV.  CONCLUSION

For the foregoing reasons, Defendant Jaysix USA, Inc. is entitled to: (1) a lodestar fee amount of $35,787.50 [.7 x $51,125] and (2) $3,100 for litigating this motion.  Therefore, Plaintiff DSPT International, Inc. is ORDERED to pay Defendant Jaysix USA, Inc. $ 38,887.50, in a manner directed by Defendant Jaysix's counsel, not later than April 3, 2008.

IT IS SO ORDERED

DATED: March 17, 2008

_____

Hon. Otis D. Wright II
United States District Judge